RE: HEALTH SPA ACT/KARATE SCHOOL COVERAGE
ATTORNEY GENERAL HENRY HAS ASKED ME TO PERSONALLY RESPOND TO YOU REGARDING YOUR LETTER OF NOVEMBER 3, 1988 WHEREIN YOU ASK FOR A FORMAL OPINION REGARDING WHETHER AN ENTITY SEPARATELY IDENTIFIED AS "HAGGERTY'S MARTIAL ARTS CENTER" IS AN ENTITY THAT IS REQUIRED TO ADHERE TO THE TERMS OF THE NEWLY AMENDED HEALTH SPA ACT. YOU POINT OUT IN YOUR LETTER THAT SECTION THREE (3) OF HOUSE BILL NO. 1630 OF THE 1988 LEGISLATURE (SECOND REGULAR SESSION) SPECIFICALLY EXEMPTS "ANY ORGANIZATION PRIMARILY OPERATED FOR THE PURPOSE OF TEACHING A PARTICULAR FORM OF SELF-DEFENSE SUCH AS JUDO OR KARATE" FROM THE ACTS' COVERAGE. ADDITIONALLY YOU HAVE PRESENTED A NUMBER OF PARTICULARIZED FACTUAL CIRCUMSTANCES THAT HAVE BEEN RELATED TO YOU TO BE PRESENT WITH REFERENCE TO THAT ENTITY. HAVE REVIEWED THAT LAW, AND THE GENERAL LETTER TRANSMITTED TO YOU BY
MS. JANE WHEELER OF THIS OFFICE ON NOVEMBER 1, 1988 REGARDING THE SAME SUBJECT. REGRETFULLY, I MUST ADVISE THAT THIS OFFICE CANNOT RENDER AN OFFICIAL OPINION REGARDING THE LEGAL STATUS OF THE ENTITY IN QUESTION. AS YOU ARE AWARE, THE LEGISLATURE HAS ABSOLUTELY FORBIDDEN THIS OFFICE FROM ATTEMPTING TO ADJUDICATE PARTICULAR FACTUAL CIRCUMSTANCES. 74 O.S. 18B.
I CAN INFORM YOU GENERALLY THAT THE ACT IS FAIRLY CLEAR ON ITS FACE THAT MERELY BECAUSE A PARTICULAR ENTITY MAY HAVE A WEIGHT ROOM IS NOT DISPOSITIVE OF THE QUESTION OF WHETHER IT IS A "HEALTH SPA" AS REFERRED TO IN THE ACT'S PROVISIONS. INDEED, ORGANIZATIONS PRIMARILY OPERATED FOR THE PURPOSES OF TEACHING THE MARTIAL ARTS APPEAR TO BE QUITE CLEARLY EXEMPTED FROM ITS APPLICATION, AS YOU STATE CORRECTLY IN YOUR LETTER. WHAT SUCH AN ENTITY IS A MATTER THAT WOULD REQUIRE A FACTUAL DETERMINATION THAT THIS OFFICE CANNOT LAWFULLY MAKE.
(MICHAEL SCOTT FERN)